# CANTON CULVERT & SILO COMPANY v. CONSOLIDATED CAR-HEATING COMPANY.

TRADEMARKS; PRIOR USE.

1. The owner of a trademark will not be hampered or embarrassed in the legitimate extension of the business by the registration of the mark to another. (Following *Re Braadland,* 37 App. D. C. 602; *N. Wolf &*

*Sons* v. *Lord & Taylor,* 41 App. D. C. 514; *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co. ante,* 6.)

2. Registration of the word "Nokoro," as a trademark for electrical re-sistances, electrical apparatus, etc., should be denied upon the op-position of one who has made prior use of the word "No-Co-Ro," as a trademark in connection with sheet metal, which is adapted to be used for electrical resistances.

No. 991.   Patent Appeals.   Submitted January 12, 1916.   Decided March 6, 1916.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a word as a trademark.                    *Reversed.*

The facts are stated in the opinion.

*Mr. Harry Frease* for the appellant.

*Mr. William S. Hodges* and *Mr. Edward M. Bentley* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This appeal is from a decision of an Assistant Commissioner of Patents dismissing appellant's opposition to the registration by the appellee, Consolidated Car-Heating Company, of the word "Nokoro" as a trademark for *"electrical resistances,* elec-trical apparatus," etc.

In its application for registration appellee alleges that it has used this mark since July 1, 1914.   In its notice of opposition appellant, Canton Culvert & Silo Company, alleges that it has used the words "No-Co-Ro" since February, 1909, as a trade-mark in connection with the sale of sheet metal; that this sheet metal "is adapted to be used as a supply for electrical apparatus and machines, *and is particularly adapted to be used for elec-trical resistances."*   The notice contains the usual averments that confusion in trade would be likely to result from the regis-

tration of substantially the same mark by appellee. Appellee filed a motion to dismiss this opposition, which motion was granted and this appeal followed.

It of course is not disputed that the two marks are substantially identical. The tribunals of the Patent Office appear to have accepted the contention of appellee that an electrical resistance is an organized apparatus, as a reostat, and hence that the so-called "raw material" of appellant does not respond to the term. We cannot accept this view. In the notice of opposition, the averments of which must be accepted as true for the purposes of this appeal, it is stated that appellant's sheet metal *"is particularly adapted to be used for electrical resistances."* It is familiar doctrine in this court that the owner of a trademark will not be hampered or embarrassed in the legitimate extension of his business by the registration of the mark to another. *Re Braadland,* 37 App. D. C. 602; *N. Wolf & Sons* v. *Lord & Taylor,* 41 App. D. C. 514; *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28; *Fishbeck Soap Co.* v. *Kleeno Mfg. Co. ante,* 6. Appellant was the first to adopt this mark, and has established a trade reputation in connection therewith. There was no legitimate reason or excuse for its adoption by appellee upon this line of goods, and we are not disposed to indulge in refinements where such a manifest appropriation appears.

The decision is reversed and the opposition sustained.

*Reversed.*